HOYE *v*. STATE.

(Division B. Nov. 5, 1934. Suggestion of Error Overruled Dec. 3, 1934.)

[157 So. 367. No. 31448.]

Dabney & Dabney, of Vicksburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Ethridge, P. J., delivered the opinion of the court.

Charlie Hoye, a twenty year old negro boy, appellant here, was indicted and convicted of burglary and sentenced to serve five years in the state penitentiary, the charge being that he did unlawfully and burglariously break, etc., with intent to steal, take, and carry away certain goods and personal property. The appellant was arrested in a garage at night, which garage had previously been entered a number of times. The first indictment was demurred to, the demurrer was sustained, and he was re-indicted the same day.

It appears that the appellant and another were in the automobile repair shop of the garage in which were stored used vehicles and parts thereof. Prior to this time this building had been opened by prizing off boards from the rear end and these boards had been nailed up on the day previous to the appellant being found in the building, and the building had been inspected and the boards were intact at the close of business on that day. One of the owners of the garage saw the two boys in the building and called for the police, and also notified his partner. The policemen went into the building and one of the persons in there ran through the back entrance which was open, and was pursued, and the other was in the building. There was an opening in the opposite side of the building which had not been closed, but it could only be reached by a stepladder or something equivalent thereto, it being near the top of said building, and no such ladder was present.

The appellant made a statement to the officers, which appears to have been a voluntary statement, that he had entered the building for the purpose of securing automobile parts to sell; that others had gone in and secured such parts and he thought he could do so too. There were no automobile parts in the appellant's possession when found, and no showing that parts had been taken from any of the used cars therein. He further testified in his own behalf that they entered through the opening at the part of the building above referred to, and that they did not break the rear part of the building which was shown to have been opened by tearing the boards from the place to which they were nailed. The appellant also stated that the purpose of going into the garage was to find whisky which some persons had hid or stored therein, and that they did not go for the purpose of stealing automobile parts.

It is urged that the evidence is insufficient to sustain the conviction. We think the evidence is sufficient to show that the appellant and his companion entered from the rear by prizing off some boards, and that his statement about how they entered is not conclusive upon the jury. We think also that his statement to the officers was sufficient to show that they went there to steal parts of used automobiles to sell.

It appears to be the contention of the appellant that, since there is no property in liquors, it was not a crime to steal intoxicating liquors, and that there was no proof sufficient to sustain the charge of burglary.

We do not see that this contention can be maintained. As stated, there is evidence by the confession made at the time of the arrest, and it was sufficient to show that they were in the building for the purpose of stealing.

It is not necessary, in this case, to decide whether intoxicating liquors constitute property such as to authorize prosecution for their being stolen. It is doubtful

if the construction contended for could be sustained, but we do not decide this proposition.

We find no reversible error involved herein, and the judgment of the court below will be affirmed.

Affirmed.